UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANI BALL, | ) | 1:14CV00355 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE LESLEY WELLS |
| | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| OHIO AMBULANCE SOLUTIONS, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. JUDGE

## I.    FACTS & PROCEDURAL HISTORY

Since July 2007, Plaintiff, Brittani Ball, has been an employee of Defendant, Ohio

Ambulance Solutions, LLC. (Doc. No. 31 at 2.). On June 26, 2013, in preparation of her second

child's birth, Plaintiff requested leave under the Family and Medical Leave Act ("FMLA"),

which authorizes up to twelve weeks of protected leave for qualified employees. (*Id*.). It is

uncontested that, from August 2, 2013 to October 26, 2013, Plaintiff received the full twelve

weeks of protected leave. (*Id* at 11.). On October 23, 2013, Plaintiff informed Defendant that her

doctor had not yet medically cleared her to return to work and that she would need an additional week of leave. (*Id*.). Defendant granted Plaintiff an extra week of leave. (*Id*.).

Both parties agree that Defendant scheduled Plaintiff to return to work on November 5, 2013. (*Id.*; Doc. No. 31 at 2.). However, on November 1, four days prior to her scheduled return, Plaintiff requested an accommodation for lactation breaks on third shift, which included between 3 to 4 breaks for 30-45 minutes each. (Doc. No. 30-1 at 11.). Defendant claims that Brenda Lancaster, the Human Resources Director, researched the law concerning lactation breaks, and determined, after discussing the matter with co-owner Ed Patriarca, that the breaks had to be "free from interruption." (*Id*.). Since Defendant only had one ambulance in operation on third shift, management was concerned, for a number of reasons, that it could not accommodate Plaintiff's request. (*Id* at 12.).

Although the parties contest the details of the following events, the general thrust is that, in the ensuing days, Plaintiff was not on the schedule as the parties repeatedly attempted to negotiate the terms of Plaintiff's return to employment. Thereafter, Plaintiff filed suit in the Cuyahoga County Court of Common Pleas, and Defendant removed the case to this Court on February 18, 2014. (Doc. No. 1-1.). Defendant maintained that Plaintiff was still an employee throughout litigation, and continued to offer Plaintiff the opportunity to return to the Company as late as September 17, 2014. (Doc. No. 30-1 at 19.).

Currently before the Court is Defendant's Motion for leave to File a Surreply to Plaintiff's Reply Brief in Support of Plaintiff's Motion for Summary Judgment and Motion to Strike Instanter, hereinafter referred to as "Defendant's Surreply." In the motion for leave, Defendant contends that Plaintiff raised arguments and evidence in her Reply brief that she did not raise in her Partial Motion for Summary Judgment. (Doc. No. 40-1 at 2). Specifically,

Defendant draws attention to Plaintiff's insertion of declarations by Dave Rorapaugh and Carrie Spreitzer, as well as, what Defendant terms, "non-existent" testimony by Mr. Partriarca. (*Id* at 6-7.). Defendant argues that the declarations by Mr. Rorapaugh and Ms. Spreitzer violate Rule 26(a)(1).

Perhaps most significantly, Defendant alleges that Plaintiff raised the issue of causation, a vital element of the FMLA retaliation claim, for the first time in her Reply brief. (*Id* at 8.). Lastly, Defendant claims that Plaintiff includes declarations by Ms. Ball that are inconsistent with her deposition. (*Id*.).

## II.    STANDARD OF REVIEW

When briefing dispositive motions, Local Rule 7.1 provides for an opposition and an (optional) reply in support. *See Trustar Funding v. Mruczynski*, 1:09CV01747-CAB, 2010 WL 1539759, at *4 (N.D. Ohio Mar. 30, 2010) report and recommendation adopted, 1:09CV1747, 2010 WL 1539750 (N.D. Ohio Apr. 16, 2010). There is no provision for a surreply.

Further, Federal Rule of Civil Procedure 12(f) states that a "court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). *See Driving Sch. Assoc. of Ohio v. Shipley*, 1:92-CV-00083, 2006 WL 2667017, at *1 (N.D. Ohio Sept. 15, 2006); *Sutton v. United States SBA*, 92 Fed. Appx. 112, 118 (6th Cir. 2003).

## III.    LAW & ANALYSIS

Defendant makes the following five arguments in its Surreply: (1) Plaintiff never previously identified Dave Rorapaugh and Carrie Spreitzer as persons with knowledge of this

case; (2) Plaintiff's new arguments and evidence supporting her claims of causation and pretext, and Rorapaugh and Spreitzer's declarations supporting pretext, are impermissible because Plaintiff did not raise them in her Partial Motion for Summary Judgment; (3) Plaintiff misrepresents Mr. Partriarca's testimony in her Reply; (4) Plaintiff first raised the issue of causation in regards to her FMLA retaliation claim in her Reply; and (5) Plaintiff Ball's declarations in her Reply contradict her deposition. (Doc. No. 40-1).

Plaintiff argues in her Opposition brief that (1) her Reply merely responds to Defendant's argument for a business hardship exemption (an argument that Defendant does not make); (2) that Plaintiff Ball's declarations respond only to matters in Defendant's Opposition brief; (3) that Plaintiff initially disclosed both Dave Rorapaugh and Carrie Spreitzer as people with knowledge of this case (which resulted in Defendant's 26(a)(1) argument); and (4) that Plaintiff Ball's new declarations illustrate that Defendant planned to extend FMLA protected leave beyond October 26, 2013. (Doc. No. 41).

Perhaps most importantly, Defendant alerts the Court that Plaintiff cannot, and did not, show a causal nexus between her FMLA leave and any adverse employment action, and that Plaintiff attempted to put forth new evidence in support of the pretext claim in her Reply. (*Id* at 32-33). The fact that Plaintiff raised new causation and pretext arguments in her Reply brief is a major point of contention between the parties, and the dominating motivation for additional motions and subsequent briefing.

In *Bender v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 128114, Magistrate Judge McHargh declared that it, "is well-established that a party should not raise new arguments in a reply brief." *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Further, the Court clarified that a "reply brief provides the plaintiff the opportunity to respond to arguments

raised for the first time in defendant's brief. But, the plaintiff cannot wait until its reply brief to assert new arguments because such a practice would effectively deprive the defendant of the opportunity to expose weaknesses in the plaintiff's arguments." (*Id.*). Lastly, the "rules ensure fair and evenhanded litigation by requiring parties to disclose legal theories early enough in the case to give an opposing party time not only to respond but also to develop an adequate factual record supporting their side of the dispute." *Winnet v. Caterpillar, Inc.*, 445 F.3d 1000, 1007 (6th Cir. 2009).

Since Plaintiff did not address the causation issue in her Motion for Partial Summary Judgment, the Court will disregard the causation argument in her Reply brief, particularly because Defendant alerted Plaintiff to this weakness in its Opposition brief. Further, since Plaintiff merely recited the legal standard for showing pretext in FMLA retaliation claims without providing any supporting evidence in her Partial Motion for Summary Judgment, the Court will not consider any evidence of pretext raised in the Reply. In addition, Local Rule 7.1 only provides for an opposition and an (optional) reply in support when briefing dispositive motions.

There is no indication that the new arguments and evidence Plaintiff raised in her Reply could not have been discovered prior to the summary judgment stage, and since Plaintiff did not timely raise them in her Partial Motion for Summary Judgment the Court will not consider them when ruling on dispositive motions. Further, Defendant's Motion to Strike under Federal Rule of Civil Procedure 12(f) is inappropriate because a declaration is not a pleading. However, when ruling on the Motion for Summary Judgment, the Court will take under advisement that Plaintiff Ball's subsequent declarations were in direct contradiction to her deposition.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's new arguments and evidence raised in the Reply will not be considered when ruling on cross-motions for summary judgment, and Defendant's Motion for Surreply is DENIED.

IT IS SO ORDERED.

Dated:   May 26, 2015                           /s/ Kenneth S. McHargh

                                               Kenneth S. McHargh

                                               United States Magistrate Judge